**Jackson L. McGRADY, Major, United States Marine Corps, Appellant**

v.

**UNITED STATES DEPARTMENT OF THE NAVY and Raymond Edwin Mabus, Jr., Secretary of the Navy, Appellees.**

No. 12–5195.

United States Court of Appeals, District of Columbia Circuit.

Dec. 13, 2013.

Jackson L. McGrady, Major, United States Marine Corps, Fredericksburg, VA, pro se.

R. Craig Lawrence, Alan Burch, U.S. Attorney's Office, Washington, DC, for Defendant–Appellee.

Before: BROWN, Circuit Judge, and WILLIAMS and SENTELLE, Senior Circuit Judges.

***JUDGMENT***

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. R. 34(j). The Court has accorded the issues full consideration and determined that they do not warrant a published opinion. *See* D.C.Cir. R. 36(d). For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that the district court's order entered September 16, 2011 be affirmed.

Appellant Jackson McGrady challenges two personnel decisions by the Secretary of the Navy and the Board for the Correction of Naval Records (BCNR), respectively. We review decisions of military correction boards under an "unusually deferential application of the arbitrary or capricious standard" to avoid becoming a mere forum for dissatisfied officers to challenge the military's personnel decisions. *Mueller v. Winter*, 485 F.3d 1191, 1198 (D.C.Cir.2007).

To successfully challenge the Secretary's failure to convene a Special Selection Board, McGrady has to show both material error in his record, *see* 10 U.S.C. § 628, and that he exercised reasonable diligence in maintaining his record, *see* SECNAVINST 1401.1B, ¶ 6(b), Joint App'x 472. Even if McGrady could prevail on materi-

ality, we defer to the Secretary of the Navy's finding that McGrady failed to exercise reasonable diligence, given that he never questioned the error in the twelve years between his 1990 evaluation and his board consideration in 2002. *See Mueller,* 485 F.3d at 1200 (upholding Navy's finding of no diligence when appellant "made no documented effort to correct his record" until about two years after the report).

McGrady's second claim challenging the BCNR's refusal to correct a grade in his record is also unsuccessful. Naval Regulations give a "presumption of regularity" to official actions, such as fitness reports, and "the military generally takes the position that post-hoc reevaluations by reporting seniors are insufficient to overcome that presumption of regularity." *Id.* at 1198. The Board reasonably refused to correct McGrady's otherwise accurate grade simply because the reporting officer changed his own grading philosophy. *See id.* (noting reporting officer did not "identify a single factual inaccuracy in the original report"); *cf. Musengo v. White,* 286 F.3d 535, 539–40 (D.C.Cir.2002) (rejecting argument Army rater mistakenly placed officer lower than intended); *Cone v. Caldera,* 223 F.3d 789, 794 (D.C.Cir.2000) (similar). McGrady argues the naval regulations on grading philosophy establish he suffered a harm that must be remedied. Appellant Br. 31–33. However, naval regulations discouraging changes in grading philosophy are general guidelines for reporting officers, *see* Marine Corps Order P1610.7E § 8012 ¶ 2(e), Joint App'x 513, and thus do not offer a remedy for subordinates, even when the supporting officer fails to follow the regulations. *Cf. Musengo,* 286 F.3d at 539 (regulation directing senior raters to use a bellshaped curve did not create a requirement for officers to adhere to that curve, and a graded subordinate could not obtain relief when the curve was not followed); *Cone,* 223 F.3d at 793 (similar).

For the foregoing reasons, we affirm the district court's judgment.

Pursuant to D.C.Cir. R. 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41(a)(1).